IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE v. GARY ALLEN LARKINS, JR.

**Appeal from the Criminal Court for Sullivan County**
**No. S45,880     Phyllis H. Miller, Judge**

---

**No. E2003-00404-CCA-MR3-CD**
**January 20, 2004**

---

A Sullivan County Criminal Court jury convicted the defendant, Gary Allen Larkins, Jr., of attempted aggravated assault, a Class D felony; resisting arrest, a Class B misdemeanor; and disorderly conduct, a Class C misdemeanor, and the trial court sentenced him to concurrent sentences of seven years, six months, and thirty days, respectively. The defendant appeals, claiming that the evidence is insufficient to support his convictions. We affirm the defendant's convictions but remand the case for entry of a corrected judgment for the attempted aggravated assault.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part, Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Stephen M. Wallace, District Public Defender, and William A. Kennedy, Assistant Public Defender, for the appellant, Gary Allen Larkins, Jr.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's swinging a yard rake at a police officer. Officer Joe Stewart of the Sullivan County Sheriff's Department testified that about 10:00 p.m. on November 16, 2001, he was dispatched to a trailer park at 1184 Moreland Drive. He said that according to the dispatcher, someone was knocking on the door of the trailer on Lot 12 and possibly had a knife. When Officer Stewart arrived, he saw the defendant standing at the trailer's door. As he got out of his patrol car, the defendant came down the steps from the trailer and picked up a yard rake. Officer Stewart told the defendant not to pick up the rake, but the defendant ignored him.

Officer Stewart testified that he approached the defendant and identified himself. He said that at some point, he took his pistol out of its holster but that he never pointed it at the defendant. He said the defendant was angry, gritting his teeth, told Officer Stewart to "come on," and threatened to kill him. He said the defendant began swinging the rake at him like he was swinging a baseball bat. At some point during the altercation, Officer Stewart put his gun back into its holster and took out his metal baton. He said that he and the defendant were about fifteen to twenty feet apart during the altercation and that the defendant repeatedly swung the rake at him. Officer Stewart tried talking to the defendant and, after two or three minutes, shined his flashlight into the defendant's face, blinding him. Officer Stewart then hit the defendant in the forearm and upper leg with his baton. The defendant dropped the rake and tried to run. Officer Stewart caught the defendant, but the defendant refused to let Officer Stewart handcuff him. Officer Stewart and the defendant struggled to the ground, and Officer Stewart sprayed the defendant with pepper spray. He then held the defendant until another officer arrived, handcuffed the defendant, and took the defendant to Holston Valley Medical Center, where the defendant was treated for severe bruises. Officer Stewart acknowledged that he was afraid of being injured during the altercation.

On cross-examination, Officer Stewart testified that he never saw the defendant with a knife. He said that the defendant was intoxicated but acknowledged that he did not know if the defendant had consumed alcohol or drugs. He acknowledged that he had extensive training on how to control dangerous people and that he put his pistol back into its holster because he thought he could subdue the defendant with the metal baton. Although the defendant had been charged with aggravated assault, the jury convicted him of the lesser included offense of attempted aggravated assault. It also convicted the defendant of resisting arrest and disorderly conduct.

The defendant appealed his convictions, but his brief only assails his attempted aggravated assault conviction. He contends that the state failed to prove Officer Stewart had a reasonable fear of imminent bodily injury. In support of his argument, he notes that the officer was well-trained, well-armed, and reholstered his gun during the altercation. The state claims that the evidence is sufficient because in order to prove the defendant committed attempted aggravated assault, it only had to show that the defendant intended to cause Officer Stewart reasonably to fear imminent bodily injury. The state also argues that, in any event, the evidence is sufficient because Officer Stewart testified that he feared being injured during the altercation. We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

As charged in the indictment, aggravated assault occurs when a person "[i]ntentionally or knowingly commits an assault as defined in § 39-13-101 and . . . [u]ses or displays a deadly weapon[.]" T.C.A. § 39-13-102(a)(1). An assault occurs when one "[i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury[.]" T.C.A. § 39-13-301(a)(2). Criminal attempt requires that one act "with the kind of culpability otherwise required for the offense . . . [and] with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part." T.C.A. § 39-12-101(a)(2).

The state correctly argues that in order to prove attempted aggravated assault, it only was required to show that the defendant acted with the intent to cause Officer Stewart reasonably to fear imminent bodily injury. Viewed in the light most favorable to the state, the evidence shows that as soon as Officer Stewart arrived at the scene, the defendant picked up the rake, began swinging it at the officer, and told the officer that he was going to kill him. Obviously, the defendant intended to cause Officer Stewart to fear imminent bodily injury. In any event, Officer Stewart acknowledged that he feared being injured during the altercation. Moreover, during his direct testimony, Officer Stewart stated,

> Oh, he'd take steps forward and then he would take steps backwards. He never, he never came all the way to me, you know. In the midst of us talking, I came closer to where I could make contact with him and, you know, take care of it before I ---- me or somebody else got hurt . . . .

The evidence shows that the defendant caused Officer Stewart reasonably to fear imminent bodily injury and is sufficient to support the conviction.

Based upon the foregoing and the record as a whole, we affirm the defendant's convictions. We note that the sentencing hearing transcript reflects that the trial court sentenced the defendant to seven years as a Range II, multiple offender for the attempted aggravated assault. However, the judgment form reflects that he was sentenced as a Range I, standard offender. We believe that a clerical error was made on the judgment and remand the case for entry of a corrected judgment to reflect that the defendant was sentenced as a Range II, multiple offender.

_____
JOSEPH M. TIPTON, JUDGE